UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| JOHN B. DOUCET<br>    LA. DOC #131847<br>VS. | CIVIL ACTION NO. 6:10-0345<br><br>SECTION P<br><br>JUDGE DOHERTY |
| WARDEN CHAD LEE | MAGISTRATE JUDGE HILL |

**REPORT AND RECOMMENDATION**

*Pro se* petitioner John B. Doucet filed the instant petition for writ of *habeas corpus* pursuant to 28 U.S.C. § 2254 on January 19, 2010 in the United States District Court for the Eastern District of Louisiana; the case was transferred to this court on February 25, 2010. Petitioner is an inmate in the custody of the Louisiana Department of Public Safety and Corrections, currently incarcerated at the Franklin Parish Detention Center in Winnsboro, Louisiana. Petitioner attacks his 2004 convictions for various drug, weapons and related charges, entered in the Louisiana Fifteenth Judicial District Court for Lafayette Parish. This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. § 636 and the standing orders of the Court. For the following reasons it is recommended that the petition be **DISMISSED WITH PREJUDICE.**

**PROCEDURAL HISTORY**

On June 3, 2004, petitioner was convicted of the following charges: possession of a controlled and dangerous substance (cocaine); being a felon in possession of a firearm;

possession of a firearm while in possession of a controlled and dangerous substance; receiving proceeds derived from drug offenses; second offense possession of oxycodone; and second offense possession of dihydrocodeinone. On August 24, 2004, petitioner was sentenced to a total of 40 years imprisonment.

On direct appeal to the Louisiana Third Circuit Court of Appeals, petitioner alleges that he presented four claims for relief: (1) that there was insufficient evidence to support his convictions; (2) that his motion to suppress should have been granted because evidence was obtained via an unconstitutional search and seizure; (3) double jeopardy; and (4) that his sentence was excessive. On March 1, 2006, petitioner's convictions and sentences were affirmed in an unpublished opinion. *State of Louisiana v. John B. Doucet*, 2005-0961 (La. App. 3 Cir. 3/1/2006), 925 So.2d 54 (Table). [*See also* Doc. 1, ¶ 8-9].

Petitioner alleges that he sought further direct review in the Louisiana Supreme Court. [Doc. 1, ¶ 9(g)]. However, the published jurisprudence of the State of Louisiana reveals no decisions of the Louisiana Supreme Court involving petitioner.

Petitioner further alleges that he filed an Application for post-conviction relief in the Fifteenth Judicial District Court. He does not allege when the pleadings was filed, the claims that were raised, or the date of the Louisiana state courts' decisions with respect to the Application. [Doc. 1, ¶10-11]. Again, petitioner implies that he sought review of his post-conviction application in the Louisiana Supreme Court. However, as noted above, there are no published decisions of that court involving petitioner.

In the instant federal *habeas corpus* petitioner, petitioner argues that the "evidence in this case . . . should be suppressed because it was seized in violation of [petitioner's] constitutional rights and protections under the Fourth Amendment of the United States Constitution." [Doc. 1, p. 17]. More specifically, he asserts that Detective Marceaux used an unreliable confidential informant to conduct a recorded drug transaction involving petitioner, and thereafter made deliberate misrepresentations in his affidavit to obtain a search warrant for petitioner's residence. He requests that this court find the search and seizure of his residence unconstitutional and therefore, suppress the seized evidence.

Petitioner alleges no other grounds for *habeas* relief in this court.[1]

## LAW AND ANALYSIS

*Rule 4 Consideration*

Rule 4 of the Rules Governing § 2254 Cases authorizes the district court to examine and dismiss non-meritorious and frivolous *habeas corpus* petitions. *Kiser v. Johnson*, 163 F.3d 326, 328 (5th Cir. 1999). Thus, it is the duty of the court to screen out frivolous applications and eliminate the burden that would be placed on the respondent by ordering an unnecessary answer.[2] *Kiser*, 163 F.3d at 328. Review of the instant petition for federal *habeas corpus* relief plainly establishes that petitioner is not entitled to relief.

---

[1] Petitioner separated his Fourth Amendment claim into two "claims", both of which only implicate the Fourth Amendment.

[2] Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts provides "If it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the petitioner to be notified." The Advisory Committee Notes following Rule 4 state that " it is the duty of the court to screen out frivolous applications and eliminate the burden that would be placed on the respondent by ordering an unnecessary answer."

Accordingly, the petition should be dismissed with prejudice pursuant to Rule 4 for the reasons that follow.

## I. Petitioner's Fourth Amendment Claim

> [W]here the State has provided an opportunity for full and fair litigation of a Fourth Amendment claim, a state prisoner may not be granted federal *habeas corpus* relief on the ground that evidence obtained in an unconstitutional search or seizure was introduced at his trial.

*Stone v. Powell*, 96 S.Ct. 3037, 3052 (1976) (footnotes omitted).

Moreover, when the "state provides the processes whereby a defendant can obtain full and fair litigation of a fourth amendment claim, *Stone v. Powell* bars federal *habeas corpus* consideration of that claim whether or not the defendant employs those processes." *Caver v. Alabama*, 577 F.2d 1188, 1192 (5th Cir. 1978); *ShisInday v. Quarterman*, 511 F.3d 514, 524-525 (5th Cir. 2007).

Accordingly, "if state procedures afford the defendant in a criminal case the opportunity to (fully and fairly) litigate whether evidence obtained in violation of the Fourth Amendment should be excluded . . . then *Stone v. Powell* precludes federal *habeas* consideration of those issues whether or not the defendant avails himself of that opportunity." *Id*. at 1193; *Janeka v. Cockrell*, 301 F.3d 316, 320 (5th Cir. 2002). Thus, all that is required for the application of *Stone* is the opportunity to present a Fourth Amendment claim to the state trial court and the availability of meaningful appellate

review, whether the defendant avails himself of that opportunity.  *Id*. at 1191-92.[3]

Petitioner argues that the evidence used to obtain the challenged convictions should be suppressed because the evidence was seized in violation of the Fourth Amendment.  The record, however, reflects that petitioner challenged the search of his residence and seizure of the evidence introduced against him at trial by an unsuccessful pre-trial Motion to Suppress, and that the trial court's adverse ruling was not reversed on direct appeal by the Louisiana Third Circuit Court of Appeal.[4]  *State of Louisiana v. John B. Doucet*, 2005-0961 (La. App. 3 Cir. 3/1/2006), 925 So.2d 54 (Table). [*See also* Doc. 1, ¶ 8-9].  Thus, it is clear that the Louisiana state courts afforded petitioner the opportunity to litigate the allegedly unlawful search and seizure, and that petitioner availed himself of that opportunity.  This is all that is required under the *Stone* rationale. The fact that petitioner may disagree with the state court's decision is not sufficient to overcome the *Stone* bar.  *Janeka*, 301 F.3d at 320 *citing Swicegood v. Alabama*, 577 F.2d 1322, 1324 (5th Cir. 1978).

---

[3] *See also Williams v. Collins*, 16 F.3d 626, 637-38 (5th Cir.), *cert. denied*, 512 U.S. 1289, 115 S.Ct. 42, 129 L.Ed.2d 937 (1994); *Smith v. Maggio*, 664 F.2d 109, 111 (5th Cir. 1981) (noting that "the opportunity to present a fourth amendment claim to the state trial and appellate courts, whether or not that opportunity is exercised or proves successful, constitutes an "opportunity for full and fair consideration" of a defendant's fourth amendment claim under *Stone* . . . ."); *Williams v. Wainwright*, 604 F.2d 404, 406 (5th Cir. 1979) (noting that *Stone* holds " that Fourth Amendment claims may not be litigated in a federal *habeas corpus* petition if they could have been fully and fairly presented at the state level . . . ."); *Williams v. Brown*, 609 F.2d 216, 219 (5th Cir. 1980) (noting that absent sufficient factual allegations and proof that the state process is "routinely or systematically applied in such a way as to prevent the actual litigation of Fourth Amendment claims on their merits, the rationale of *Caver* dictates . . . [the] application of *Stone* . . . " to both mistakes in the adjudication of the merits and "to procedural mistakes that thwart the presentation of fourth amendment claims.").

[4] *See* Doc. 1, ¶9(f). In describing the grounds raised on direct appeal, petitioner alleges "Motion to Suppress should have been granted due to evidence being searched and seized in violation of defendant's constitutional rights."

Under these circumstances, petitioner's Fourth Amendment claim that evidence used against him at trial was obtained in violation of the Fourth Amendment is barred and the claim is not cognizable on federal *habeas* review.[5]

**ACCORDINGLY,**

**IT IS RECOMMENDED** that this petition for *habeas corpus* be **DENIED AND DISMISSED WITH PREJUDICE** pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts since it plainly appears from the face of the petition and exhibits annexed to it that the petitioner is not entitled to relief.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Rule 72(b), parties aggrieved by this Recommendation have fourteen (14) days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the District Judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within**

---

[5] The undersigned also notes that it appears that petitioner did not fully exhaust state court remedies prior to filing the instant petition. The exhaustion requirement is satisfied only when the substance of the federal *habeas* claim has been "fairly presented" to the highest state court. In Louisiana, the highest court is the Louisiana Supreme Court. A claim is "fairly presented" when the petitioner presents his claims before the state courts in a procedurally proper manner according to the rules of the state courts. *Moore v. Cain*, 298 F.3d 361, 364 (5th Cir. 2002), *cert. denied*, 537 U.S. 1236, 123 S.Ct. 1360, 155 L.Ed.2d 202 (2003); *Mercadel v. Cain*, 179 F.3d 271 at 275 (5th Cir. 1999). Although petitioner alleges that he sought further direct review of his Fourth Amendment claim in the Louisiana Supreme Court, the undersigned's research reveals no such decision by that court. Thus, even if petitioner's claim was not barred by *Stone v. Powell*, it appears that the instant petition would be subject to dismissal for failure to exhaust state court remedies.
    In the event that petitioner files objections to this Report and Recommendation, he should therefore provide evidence to establish that state court remedies were fully exhausted by proper presentation of the Fourth Amendment claim presented herein to the Louisiana Supreme Court.

**fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.** *See, Douglass v. United Services Automobile Association***, 79 F.3d 1415 (5th Cir.  1996).**

**THUS DONE AND SIGNED** in Chambers at Lafayette, Louisiana, this 9th day of June, 2010.

*[signature]*
C. MICHAEL HILL
UNITED STATES MAGISTRATE JUDGE